IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| U-HAUL CO. OF CALIFORNIA | : | CIVIL ACTION |
| *Petitioner* | : | |
| | : | NO. 14-3018 |
| v. | : | |
| | : | |
| GARY WILLIAMS and | : | |
| NINA WILLIAMS, h/w | : | |
| *Respondents* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                   NOVEMBER 5, 2014

# MEMORANDUM OPINION

## INTRODUCTION

The matter before this Court commenced as a petition to compel arbitration and a motion to stay proceedings, filed by U-Haul Company of California (Petitioner/"U-Haul") against Gary and Nina Williams (Respondents/the "Williamses"). In its petition, U-Haul relies on the equipment rental agreement signed by Mr. Williams and on the Federal Arbitration Act ("FAA"), 9 U.S.C. §§4 and 3 as the basis for its requests.[1] Respondents have filed a motion to dismiss U-Haul's petition pursuant to Federal Rule of Civil Procedure 12(b)(6). The matter is fully briefed and is, therefore, appropriate for disposition.

For the reasons stated herein, this Court finds that it lacks subject matter jurisdiction to consider U-Haul's petition to compel arbitration and, therefore, dismisses the petition. Consequently, Respondents' motion to dismiss is denied, as moot.

## BACKGROUND

The following is a summary of the factual and procedural backgrounds:

---

[1] Or, in the alternative, a declaratory judgment under 28 U.S.C. §2201 declaring that Respondents Gary and Nina Williams must submit their claims against U-Haul to arbitration.

On March 2, 2012, Gary Williams ("Williams") was driving his 2002 Chevrolet Trailblazer with an attached U-Haul trailer eastbound on Interstate-80 in Henry County, Illinois, when he was involved in a two-vehicle accident. Williams sustained serious injuries requiring hospitalization. Once his condition was stable enough to permit travel, Williams was transported by air to a hospital in Philadelphia, Pennsylvania, where he continued to receive treatment and rehabilitation.[2]

The parties engaged in informal and voluntary limited discovery, which included a January 22, 2014, physical inspection of the subject U-Haul trailer, which is being stored at a U-Haul facility in Iowa.[3] On February 12, 2014, U-Haul formally requested that Respondents agree to submit their claims to the American Arbitration Association ("AAA") pursuant to the arbitration agreement contained within the U-Haul rental contract executed by Williams and U-Haul.[4]

On February 17, 2014, rather than commencing litigation by a complaint, U-Haul filed an FAA §4 petition to compel arbitration against Gary Williams *only* in the United States District Court for the Central District of Illinois, Rock Island Division.[5]

On February 26, 2014, the Williamses filed a civil action complaint in the Philadelphia Court of Common Pleas against U-Haul and numerous defendants.[6] On February 28, 2014, the Williamses filed a similar complaint in the Circuit Court of Cook County, Illinois, County Department, Law Division.[7] Both state court matters are pending. Of note, in the Pennsylvania action, Defendant U-Haul and the other non-diverse defendants have filed preliminary objections seeking to compel arbitration and a demurrer of the Williamses' claims pursuant to the aforementioned arbitration agreement.

On May 19, 2014, the parties stipulated to transfer the federal matter in Illinois to the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1404(a).[8] However, on May 20, 2014, the Honorable Sara Darrow ordered the transfer to

---

[2] Am. Pet. ¶23; Resp. Brief at 6-7.
[3] First Am. Pet. ¶¶24, 25.
[4] *See* U-Haul's February 12, 2014, arbitration demand, Am. Pet., Exh C.
[5] Doc 1 (*U-Haul Co. of California v. Gary Williams*, Case No. 14-cv-4022) [ECF 1]. The docket indicates that a complaint was filed but it is a petition to compel arbitration.
[6] *Gary Williams v. Amerco, et al.*, Case No. 1402-2768.
[7] *Gary Williams and Nina Williams v. K&B Transport, Inc., et al.*, Case No. 2014L002150.
[8] "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. §1404(a).

2

this Court pursuant to §1406(a),[9] after finding that the federal court in the Central District of Illinois was an improper venue.

On June 9, 2014, U-Haul filed an amended petition to compel arbitration. [ECF 2]. On that same day, Nina Williams, Gary Williams' wife, was added as a party Respondent. On June 30, 2014, the Williamses filed an amended motion to dismiss U-Haul's amended petition. [ECF 6].

**DISCUSSION**

When reviewing a petition to compel arbitration, the threshold question is whether the court has jurisdiction to entertain the petition. The FAA provides a "body of federal substantive law" governing arbitration agreements in contracts "involving commerce." *Royal Bank America v. Kirkpatrick*, 2011 WL 4528349, at *3 (E.D. Pa. Sept. 30, 2011) (citing *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009) (quoting *Southland Corp. v. Keating*, 465 U.S. 1, 12 (1984)). Unlike most federal laws, however, the FAA alone does not supply federal subject matter jurisdiction. *Vaden*, 556 U.S. at 59. Section 4 of the FAA, the provision relied on by U-Haul in this matter, "bestows no federal jurisdiction but rather requires for access to a federal forum an *independent jurisdictional basis* over the parties' dispute." *GGNSC Lancaster v. Roberts*, 2014 WL 1281130, at *2 (E.D. Pa. Mar. 31, 2014) (quoting *Vaden*, 556 U.S. at 59) (emphasis added).

Specifically, section 4 provides, in its pertinent part:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C.§ 4.

---

[9] "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. §1406(a).

3

Under this provision, federal courts only have jurisdiction over a petition to compel arbitration if the federal court would have jurisdiction over the underlying substantive dispute. That is, a federal court has authority to entertain a petition to compel arbitration if the court would have jurisdiction, "save for the arbitration agreement," over the "suit arising" out of the "controversy between the parties." *Vaden,* 556 U.S. at 66. The entire actual controversy between the parties, as framed, must be able to be litigated in federal court. Since 28 U.S.C. §§1331 and 1332 provide district courts with federal-question and diversity jurisdiction, respectively, an underlying dispute would need to contain a federal-question or be based on diversity. For example, in asserting a basis for subject matter jurisdiction independent of the FAA's arbitration enforcement provision, petitions to confirm or vacate an arbitration award pursuant to the FAA are often brought to federal court by way of diversity jurisdiction under §1332(a). *Royal Bank Am.,* 2011 WL 4528349, at *3 n. 7 (citing *Trs. of Gen. Assembly of Church of Lord Jesus Christ of the Apostolic Faith, Inc. v. Patterson,* 300 F.App'x 170, 172 (3d Cir. 2008); *HSM Constr. Servs., Inc. v. MDC Sys., Inc.,* 239 F.App'x 748, 749 (3d Cir. 2007); *Roadway Package Sys., Inc. v. Kayser,* 257 F.3d 287, 291, n. 2 (3d Cir. 2001), *abrogated* on other grounds by *Hall Street Associates, L.L.C. v. Kayser,* 552 U.S. 576 (2008)). On the other hand, federal-question jurisdiction depends on the contents of a well-pleaded complaint. *See Holmes Group Inc. v. Vornado Air Circulating Systems, Inc.,* 535 U.S. 826, 830 (2002) ("The well-pleaded complaint rule has long governed whether a case "arises under" federal law for purposes of § 1331."). Thus, whether a case "arises under" federal law "must be determined from what necessarily appears in the plaintiff's statement of his own claim …." *Holmes,* 535 U.S. at 830 (citing *Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 809 (1988) (internal quotation marks omitted)).

In this matter, when considering the threshold question of jurisdiction, this Court is primarily guided by *Vaden*. There, respondent Discover Bank's servicing affiliate filed a complaint in Maryland state court, presenting claims arising solely under state law, to recover past-due charges from one of its credit cardholders, petitioner Vaden. 556 U.S. at 53. Vaden answered the complaint and filed a counterclaim alleging that Discover's finance charges, interest, and late fees violated state law. Discover then sought federal court aid and filed an FAA §4 petition in the United States District Court for the District of Maryland to compel arbitration of Vaden's counterclaims. *Id*. Although Vaden's counterclaims were framed under state law, Discover argued that they were governed by federal law, thus, bringing the matter within the district court's federal subject matter jurisdiction. The Supreme Court disagreed and held that a federal court may "look through" a §4 petition to determine whether it is predicated on a controversy that "arises under" federal law. *Id.* at 62. However, the Court noted that under the well-pleaded complaint rule espoused in *Holmes Group*, a federal court may not entertain a §4 petition based on counterclaims when the *whole, underlying controversy* between the parties does not qualify for federal court adjudication. *Vaden,* 556 U.S. at 67 (emphasis added). Therefore, the Court concluded that the district court lacked jurisdiction to entertain Discover's §4 petition to compel arbitration. *Id.* at 71.

Mindful that §4 of the FAA does not enlarge federal court jurisdiction and that it confines this Court to the jurisdiction it would have "save for [the arbitration] agreement," this Court is required to "look through" U-Haul's petition requesting arbitration to the underlying action to see if federal jurisdiction exists independent of – or "save for" – the arbitration agreement contained in the U-Haul rental contract. *See id.* at 62. In doing so, this Court finds neither a federal question nor diversity basis for jurisdiction. Instead, the underlying matter involves only

state-law claims of, *inter alia*, strict liability and negligence against U-Haul and other non-diverse defendants.[10] Therefore, the "whole controversy between the parties—not just a piece broken off from that controversy," (the piece here being U-Haul Company of California's §4 petition to compel arbitration against Gary Williams) does not satisfy the statutory prerequisites for this Court's exercise of jurisdiction, much less provide an independent jurisdictional basis upon which to consider U-Haul's §4 petition. *See also Holmes v. Mann Bracken, LLC*, 2009 WL 5184485, at *3 (E.D. Pa. Dec. 22, 2009) (court established that where there is no diversity-based federal jurisdiction because the amount in controversy is not satisfied, defendant has no choice but to attempt to enforce an arbitration award in state court).

Despite this Court's finding of lack of jurisdiction and the resulting dismissal, Defendant U-Haul still maintains recourse in the form of preliminary objections pending in the state court action in the Philadelphia Court of Common Pleas. The preliminary objections also seek to compel arbitration under the same rental agreement under the FAA. *See Vaden*, 556 U.S. at 71; *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984); *Moses H. Cone Memorial Hospital v. Mercury Const. Corp.*, 460 U.S. 1, 25, 26 n. 34 (1983).

**CONCLUSION**

For the reasons stated herein, this Court finds that it lacks an independent jurisdictional basis over the parties' dispute rendering it unable to consider U-Haul's FAA §4 petition to compel arbitration. Consequently, the petition is dismissed; and the Williamses' motion to dismiss is denied, as moot. An appropriate order follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.

---

[10] *See* Fourth Am. Compl., *Gary Williams v. Amerco, et al.*, Case No. 1402-2768.